## UNITED STATES VS. DE COURSEY.

1. TITLE OF UNITED STATES — PRESUMPTIONS. In an action brought by the United States for trespass on the public lands, the court is bound to know and take notice of the laws and treaties of the United States and if the land upon which the alleged trespass was committed was included in any treaty ceding it to the United States. the title is presumed to remain in the government, until it is proved that it has parted with it.

ERROR to the District Court for *Jefferson* County.
The case is stated in the opinion of the court.
*A. L. Collins*, for plaintiff in error.
*Edward V. Whiton*, for defendant in error.

DUNN, C. J. The United States, by its attorney, brought an action of trespass, *quare clausum fregit*, for entering the close of the plaintiff, described in its declaration, and cutting and carrying away trees, against the defendant in the district court of Jefferson county.

On the trial, the court was requested to instruct the jury that "the court and jury were bound to know and take notice of all laws and treaties of the United States; and that if the land upon which the alleged trespass was committed was included in any such treaties, the title was to be presumed to remain in the United States, unless there was evidence showing that the United States had parted with the title." The court refused the instruction.

It is unnecessary to examine minutely this point, as it does not admit of doubt that the instruction should have been given, if the plaintiffs had any testimony tending to

prove the act of trespass complained of ; and the instruction must have been refused for the reason that there was no act of trespass proven.

We are, however, constrained to view and dispose of the case upon the record. It presents a naked proposition ; there is no evidence returned ; nor is there even a suggestion on the record of the want of evidence to support the issue on the part of plaintiff which would be of itself a sufficient reason for refusing the instruction as inapplicable to the plaintiffs' case as made out.

We are of opinion that the district court erred in refusing the instruction asked for, and that its judgment herein be reversed, with costs, and the case remanded for further proceedings consistent with this opinion.